Scott T. Tross, Esq.
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000
stross@herrick.com
Attorneys for Plaintiffs

**Document Electronically Filed**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MONTY L. DAVIS, MARY R. DAVIS,
RICHARD L. BERGMARK and TONI
M. BERGMARK,

                    Plaintiffs,

          v.

CONNOLLY PROPERTIES, INC. and
DAVID M. CONNOLLY,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:   Civil Action No.
:
:
:
:
:
:
:   **COMPLAINT**
:   **AND JURY DEMAND**
:
:
:
:

Plaintiffs Monty L. Davis and Mary R. Davis (collectively, "Davis") and Richard L. Bergmark and Toni M. Bergmark (collectively, "Bergmark") (Davis and Bergmark are hereinafter also referred to as "Plaintiffs"), by and through their attorneys, Herrick, Feinstein LLP, by way of Complaint against defendants Connolly Properties, Inc. ("Connolly Properties") and David M. Connolly ("Connolly") (Connolly Properties and Connolly are hereinafter also referred to as "Defendants"), allege as follows:

## THE PARTIES

1.     Plaintiffs Monty L. Davis and Mary R. Davis are citizens of the State of Texas, residing at 19827 Cypress Church Road, Cypress, Texas. Monty and Mary Davis are husband and wife.

2.      Plaintiffs Richard L. Bergmark and Toni M. Bergmark are citizens of the State of Texas, residing at 60 Tiel Way, Houston, Texas.  Richard and Toni Bergmark are husband and wife.

3.      Upon information and belief, defendant Connolly Properties, Inc. is a New Jersey corporation, with a principal place of business located at 128 East Seventh Street, Plainfield, New Jersey.

4.      Upon information and belief, defendant David M. Connolly is a New Jersey resident, with an address at 106 Stanie Brae Drive, Watchung, New Jersey, and the President of Connolly Properties.

## JURISDICTION AND VENUE

5.      This Court's jurisdiction is based upon 28 U.S.C. § 1332.  Plaintiffs are all citizens of the State of Texas.  Defendants are all citizens of the State of New Jersey.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (2), in that Defendants all reside in this district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## THE RELEVANT FACTS

7.      During the period from December 2006 through January 2009, Davis and Bergmark invested pursuant to offering prospectuses in a series of investment vehicles formed and controlled by Connolly and Connolly Properties.

8.      Each investment vehicle was formed for the purpose of acquiring, owning and operating a specific parcel of income-producing property located either in New Jersey or Pennsylvania.

2

9.      In each case, the investment vehicle was managed by an entity formed and controlled by Connolly and/or Connolly Properties.  Davis and Bergmark were passive investors.

A.      **Davis's Investments**

10.     On or about December 27, 2006, Davis purchased for $100,000 two units of limited partnership interest in Livingston Apartments, L.P.  According to the offering prospectus, the objective of the investment was to acquire, own and operate two apartment buildings containing 56 units located in Allentown, Pennsylvania.

11.     On or about January 24, 2007, Davis purchased for $150,000 three units in Watchung Gardens Trust, formed for the purpose of being the sole member of Watchung Gardens, LLC.  According to the offering prospectus, the objective of the investment was to acquire, own and operate a 102 unit apartment complex located in Plainfield,  New Jersey.

12.     On or about October 10, 2007, Davis purchased for $500,000 ten units in Netherwood Village Trust, formed for the purpose of being the sole member of Netherwood Village, LLC.  According to the offering prospectus, the objective of the investment was to acquire, own and operate a 108 unit apartment complex located in Plainfield, New Jersey.

13.     On or about April 25, 2008, Davis purchased for $400,000 eight units in Grand Court Villas Trust, formed for the purpose of being the sole member of Grand Court Villas, LLC.  According to the offering prospectus, the objective of the investment was to acquire, own and operate a 63 unit apartment building located in Trenton, New Jersey.

14.     On or about May 29, 2008, Davis purchased for $150,000 three units in Marshall Woods Trust.  According to the offering prospectus, the objective of the investment was to acquire, own and operate a 305 unit apartment complex located in Norristown, Pennsylvania.

3

15.     On or about July 29, 2008, Davis purchased for $200,000 an additional four units in Marshall Woods Trust.  Davis purchased for $250,000 an additional five units in Marshall Woods Trust on or about August 18, 2008, bringing Davis's total investment to $600,000.

**B.     Bergmark's Investments**

16.     On or about December 27, 2006, Bergmark purchased for $50,000 one unit of limited partnership interest in Livingston Apartments, L.P.  According to the offering prospectus, the objective of the investment was to acquire, own and operate two apartment buildings containing 56 units located in Allentown, Pennsylvania.

17.     On or about January 24, 2007, Bergmark purchased for $50,000 one unit in Watchung Gardens Trust, formed for the purpose of being the sole member of Watchung Gardens, LLC.  According to the offering prospectus, the objective of the investment was to acquire, own and operate a 102 unit apartment complex located in Plainfield, New Jersey.

18.     On or about October 10, 2007, Bergmark purchased for $200,000 four units in Netherwood Village Trust, formed for the purpose of being the sole member of Netherwood Village, LLC.  According to the offering prospectus, the objective of the investment was to acquire, own and operate a 108 unit apartment complex located in Plainfield, New Jersey.

19.     On or about April 25, 2008, Bergmark purchased for $250,000 five units in Grand Court Villas Trust, formed for the purpose of being the sole member of Grand Court Villas, LLC.  According to the offering prospectus, the objective of the investment was to acquire, own and operate a 63 unit apartment building located in Trenton, New Jersey.

20.     On or about May 29, 2008, Bergmark purchased for $250,000 five units in Marshall Woods Trust.  According to the offering prospectus, the objective of the investment

was to acquire, own and operate a 305 unit apartment complex located in Norristown, Pennsylvania.

21.     On or about January 30, 2009, Bergmark purchased for $240,000 eight units in Hampshire Court Trust.  According to the offering prospectus, the objective of the investment was to acquire, own and operate a 54 unit apartment complex located in Plainfield, New Jersey.

**C.     The Problems With Marshall Woods**

22.     During the period from June 2008 through March 2009, Connolly repeatedly assured Davis and Bergmark that the Marshall Woods transaction was proceeding to closing.

23.     Then, on or about April 8, 2009, Connolly sent a letter to investors in the Marshall Woods transaction, advising that he would not be proceeding with acquisition of the Marshall Woods property.

24.     Instead, Connolly advised the Marshall Woods investors that he intended to purchase a 182 unit garden style apartment complex located in Falls Township, Pennsylvania, known as Newport Village.

25.     Although Davis and Bergmark initially went along with the substitution of the Newport Village property for the Marshall Woods property, that transaction did not close, either.

26.     Accordingly, Davis and Bergmark demanded that Connolly and/or Connolly Properties return the monies that they had invested in Marshall Woods/Newport Village, which Connolly represented were being held in escrow.

27.     Connolly and Connolly Properties have not to date complied with the demands made by Davis and Bergmark.  To the contrary, they have advised Davis and Bergmark that their monies have been invested in a third property -- Hillside Valley -- located in Allentown, Pennsylvania.

28.     Upon information and belief, Connolly and/or Connolly Properties has a financial interest in the Hillside Valley property.  The misdirection of escrow funds for the Marshall Woods/Newport Village transaction to a transaction in which Connolly and/or Connolly Properties had a financial interest was and is wrongful.

29.     Davis and Bergmark never authorized Connolly and/or Connolly Properties to invest their monies in the Hillside Valley property.  Indeed, Connolly and/or Connolly Properties never even sent Davis or Bergmark an offering prospectus for the Hillside Valley investment.

**D.      The Problems With Hampshire Court**

30.     During the period from February 2009 through July 2009, Connolly and/or Connolly Properties advised investors that the Hampshire Court transaction was proceeding to closing.

31.     Then, on or about August 4, 2009, Connolly and/or Connolly Properties advised that they were having "difficulties in obtaining mortgage financing" and that the seller of the property had been "accumulating vacancies."

32.     Upon information and belief, the Hampshire Court transaction has not closed to date and it will never close.  Accordingly, Bergmark has demanded the return of his investment.

33.     Connolly and Connolly Properties have not to date complied with Bergmark's demand for the return of his investment.

**E.     The Financial Woes At The Remaining Projects**

34.     By letter dated June 26, 2009, Connolly and Connolly Properties represented that "all debt obligations are up to date and there are no liens or foreclosures on any of our properties or buildings."

35.     Similarly, by letter dated July 21, 2009, Connolly and Connolly Properties represented that "although it is not currently paying [distributions], your investment is still secure and there are no liens or foreclosures."

36.     Nonetheless, by letters dated July 24 and July 29, 2009, counsel for the mortgage lender for the Watchung Gardens and Livingston Apartments properties advised investors in those transactions that the mortgages were in default.

37.     As a result, Davis and Bergmark have demanded through counsel that they be advised of the status of the mortgages for the Netherwood Village and Grand Court Villas properties.

38.     In addition, Davis and Bergmark have demanded through counsel that Connolly and/or Connolly Properties produce financial information for all of their investments, including current balance sheets and year-to-date profit and loss statements.

39.     To date, Connolly and/or Connolly Properties have failed to comply with Davis's and Bergmark's requests for financial information.  Plaintiffs are entitled to such information.

## FIRST COUNT
### (Breach of Contract)

40.      Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 39, as if fully set forth herein.

41.      Connolly and Connolly Properties agreed to hold monies raised from Plaintiffs in escrow and to return those funds in the event the subject properties were not purchased.

42.      Connolly and Connolly Properties breached their obligations to Plaintiffs by refusing to return from escrow the monies they invested in the Marshall Woods and Hampshire Court transactions.

43.      As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have incurred, and continue to incur, damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a)      Awarding compensatory damages;

(b)      Awarding pre- and post-judgment interest;

(c)      Awarding Plaintiffs their attorneys' fees, costs and disbursements in this action; and

(d)      Granting such other and further relief as the Court deems just and proper.

## SECOND COUNT
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

44.      Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 43, as if fully set forth herein.

45.      Connolly and Connolly Properties owed Plaintiffs a duty of good faith and fair dealing with respect to the Marshall Woods and Hampshire Court transactions.

46.      Connolly and/or Connolly Properties have breached that duty by refusing to return from escrow the monies Plaintiffs invested in those transactions.

47.      As a direct and proximate result, Plaintiffs have incurred, and continue to incur, damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a)      Awarding compensatory damages;

(b)      Awarding pre- and post-judgment interest;

(c)      Awarding Plaintiffs their attorneys' fees, costs and disbursements in this action; and

(d)      Granting such other and further relief as the Court deems just and proper.

## THIRD COUNT
### (Breach of Fiduciary Duty)

48.      Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 47, as if fully set forth herein.

49.      Connolly and Connolly Properties owed Plaintiffs a fiduciary duty with respect to the Marshall Woods and Hampshire Court transactions.

50.      Connolly and/or Connolly Properties have breached their fiduciary duty by refusing to return the monies Plaintiffs invested in those transactions.

51.      As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have incurred, and continue to incur, damages in an amount to be determined at trial.

9

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a)    Awarding compensatory and punitive damages;

(b)    Awarding pre- and post-judgment interest;

(c)    Awarding Plaintiffs their attorneys' fees, costs and disbursements in this action; and

(d)    Granting such other and further relief as the Court deems just and proper.

### FOURTH COUNT
**(Fraud)**

52.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 51, as if fully set forth herein.

53.    Connolly and Connolly Properties represented that they would hold Plaintiffs' funds in escrow until the Marshall Woods and Hampshire Court properties were purchased.

54.    Those representations were false when made, in that Connolly and Connolly Properties never intended to hold Plaintiffs' funds in escrow until purchase of those properties.

55.    Connolly and Connolly Properties intended that Plaintiffs would rely on their representations and Plaintiffs, in fact, did so to their detriment.

56.    As a direct and proximate result, Plaintiffs have incurred, and continue to incur, damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a)    Awarding compensatory and punitive damages;

(b)     Awarding pre- and post-judgment interest;

(c)     Awarding Plaintiffs their attorneys' fees, costs and disbursements in this action; and

(d)     Granting such other and further relief as the Court deems just and proper.

## FIFTH COUNT
### (Conversion)

57.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 56, as if fully set forth herein.

58.     When Plaintiffs invested their funds with Defendants, they did so with the understanding that those funds would be returned in the event the subject properties were not purchased.

59.     The Marshall Woods and Hampshire Court properties have not been purchased and yet Defendants have refused to return the funds Plaintiffs invested in those transactions.

60.     Defendants' refusal to return Plaintiffs' funds notwithstanding Plaintiffs' demand that they be returned constitutes conversion.

61.     As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred, and continue to incur, damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a)     Awarding compensatory and punitive damages;

(b)     Awarding pre- and post-judgment interest;

(c)     Awarding Plaintiffs their attorneys' fees, costs and disbursements in this action; and

(d)     Granting such other and further relief as the Court deems just and proper.

## SIXTH COUNT
### (Unjust Enrichment)

62.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 61, as if fully set forth herein.

63.     Plaintiffs conferred a benefit upon Connolly and Connolly Properties when they sent monies to be invested in the Marshall Woods and Hampshire Court transactions.

64.     Because the Marshall Woods and Hampshire Court properties were never purchased, retention by Defendants of the monies advanced by Plaintiffs would be unjust.

65.     Accordingly, Connolly and Connolly Properties should be required to disgorge the funds advanced by Plaintiffs for the Marshall Woods and Hampshire Court transactions.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a)     Awarding compensatory damages;

(b)     Awarding pre- and post-judgment interest;

(c)     Awarding Plaintiffs their attorneys' fees, costs and disbursements in this action; and

(d)     Granting such other and further relief as the Court deems just and proper.

12

## SEVENTH COUNT
### (Constructive Trust)

66.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 65 of the Complaint, as if fully set forth herein.

67.    Upon information and belief, Connolly and/or Connolly Properties may have improperly utilized monies invested by Plaintiffs in the Marshall Woods or Hampshire Court transactions.

68.    To the extent Connolly and/or Connolly Properties did so, their conduct is wrongful as set forth above.

69.    In order to avoid unjust enrichment, a constructive trust should be imposed upon any property wrongfully purchased with Plaintiffs' monies.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a)    Imposing a constructive trust upon any property wrongfully purchased with Plaintiffs' monies;

(b)    Awarding Plaintiffs their attorneys' fees, costs and disbursements in this action; and

(c)    Granting such other and further relief as the Court deems just and proper.

## EIGHTH COUNT
### (Accounting)

70.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 69 of the Complaint, as if fully set forth herein.

71.    Plaintiffs have demanded that Connolly and Connolly Properties provide financial information, including, but not limited to, current balance sheet statements and year-to-date profit and loss statements, for all of the properties in which they have invested.

72.    As investors in the Livingston Apartments, Watchung Gardens, Netherwood Village, Grand Court Villas, Marshall Woods and Hampshire Court transactions, Plaintiffs are entitled to such financial information.

73.    Connolly and Connolly Properties have to date failed and refused to provide the financial information requested by Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a)    Requiring that Defendants provide an accounting with respect to the funds received and disbursed in the Livingston Apartments, Watchung Gardens, Netherwood Village, Grand Court Villas, Marshall Woods and Hampshire Court transactions;

(b)    Awarding Plaintiffs their attorneys' fees, costs and disbursements in this action; and

(c)    Granting such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

HERRICK, FEINSTEIN LLP
Attorneys for Plaintiffs


By:    /s/ Scott T. Tross_____
                Scott T. Tross

Dated: September 8, 2009

14