**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MONTY L. DAVIS et al., : | |
| Plaintiffs, : | Civil Action No. 09-4629 (SRC) |
| v. : | **OPINION & ORDER** |
| DAVID M. CONNOLLY, : | |
| Defendant. : | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Plaintiffs Monty L. Davis, Mary R. Davis, Richard L. Bergmark and Toni M. Bergmark (collectively, "Plaintiffs"). For the reasons stated below, the motion will be granted in part and denied in part.

In brief, this case arises from a dispute over a real estate investment. The parties agree on the basic facts. Plaintiffs invested in the Marshall Woods Trust, formed and controlled by Defendant, pursuant to an offering prospectus. Plaintiffs authorized Defendant to substitute investment in Newport Village for investment in Marshall Woods. Defendant has not invested Plaintiffs' money in either Marshall Woods or Newport Village but, rather, in Hillside Valley. Plaintiffs have asked Defendant for the return of their investment but have not received it.

On September 8, 2009, Plaintiffs filed a Complaint in this Court asserting eight claims: 1) breach of contract; 2) breach of the implied covenant of good faith and fair dealing; 3) breach of fiduciary duty; 4) fraud; 5) conversion; 6) unjust enrichment; 7) constructive trust; and 8)

accounting. On October 28, 2009, Plaintiffs filed the instant motion for summary judgment, as well as a motion for a preliminary injunction. On January 11, 2010, this Court held oral argument on these motions and issued oral rulings on a number of issues, subsequently memorialized in the Order of February 1, 2010. In regard to the First through Sixth Counts, the Court reserved decision on the motion for summary judgment, which is the subject of this Opinion and Order.

As to the contract claims (the First Count and Second Count), Defendant argues that he was not a party to the contract, but rather the president of the corporate entity with which Plaintiffs contracted. Defendant further argues that Plaintiffs have shown no basis for piercing the corporate veil so as to make him personally liable on the contract. In their reply brief, Plaintiffs fail to persuade that Defendant is wrong and that they are entitled to judgment as a matter of law. Their sole argument in response is that the offering prospectus identified Defendant personally as a managing director with unlimited liability. While this may – or may not – be the seed for a successful argument in the future, Plaintiffs have not yet developed it to the point that it persuades that they are entitled to summary judgment. As to the First and Second Counts, the motion for summary judgment will be denied.

As to the Third Count, for breach of fiduciary duty, Defendant argues that: 1) Plaintiffs did not request return of their monies prior to the investment in Hillside Valley; and 2) Plaintiffs gave Defendant authority to invest their monies in substitute properties. The first argument is irrelevant: Plaintiffs are certainly asking for the return of their money now. Moreover, Defendant has not shown how the timing of the request for a refund is relevant to a claim that he breached his fiduciary obligations to them by failing to provide the refund. As for the second argument,

Defendant has offered no evidence to support it. Defendant relies on his certification, which states only that Plaintiffs had authorized him to invest the money in the Newport Village property after the Marshall Woods transaction fell through. (Connolly Cert. ¶¶ 13-14.) No reasonable jury could receive this evidence and conclude that Plaintiffs authorized Defendant to invest in Hillside Valley, or in any property he chose.

In F.G. v. MacDonell, 150 N.J. 550, 563-564 (1997), the New Jersey Supreme Court articulated the legal principles underlying a claim for breach of fiduciary duty as follows:

> A fiduciary relationship arises between two persons when one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship. . . The fiduciary's obligations to the dependent party include a duty of loyalty and a duty to exercise reasonable skill and care. . . Accordingly, the fiduciary is liable for harm resulting from a breach of the duties imposed by the existence of such a relationship.

Defendant does not dispute that he owed fiduciary duties to Plaintiffs. His defense is that he did not breach those duties but, as noted above, the evidence he has offered does not create a genuine issue as to any material fact. When Defendant invested Plaintiffs' money in Hillside Valley without authorization, and then refused to return it, he breached his duty of loyalty to Plaintiffs. Moreover, New Jersey law imposes upon directors of corporations fiduciary duties in their conduct of the business of the corporation. Francis v. United Jersey Bank, 87 N.J. 15, 29 (1981). As to the Third Count, Plaintiffs' motion for summary judgment will be granted.

As to the Fifth Count, for conversion, the parties agree that, under New Jersey law, "[t]he essential elements of the common law action in conversion are: (a) that the property and right to immediate possession thereof belong to the plaintiff; and (b) the wrongful act of interference with that right by the defendant." First Nat'l Bank v. N. Jersey Trust Co., 14 A.2d 765, 767

(1940). As above, Defendant argues that Plaintiffs authorized him to invest their monies in substitute properties at his discretion. As already established, Defendant has failed to point to evidence from which a reasonable jury could arrive at this conclusion. Plaintiffs have produced evidence to support a finding that the elements of conversion have been proven. As to the Fifth Count, Plaintiffs' motion for summary judgment will be granted.

As for the Fourth Count, for fraud, New Jersey law is well-established: "A misrepresentation amounting to actual legal fraud consists of a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to his detriment." Jewish Center of Sussex County v. Whale, 86 N.J. 619, 624 (1981). As a general matter, issues of mental state are rarely amenable to resolution on summary judgment. Louis Schelsinger Co. v. Kresge Foundation, 388 F.2d 208, 212 (3d Cir. 1968). Plaintiffs here have not submitted evidence from which a reasonable jury could conclude that Defendant acted with the requisite knowledge or intent. As to the Fourth Count, the motion for summary judgment will be denied.

Lastly, as to the Sixth Count, for unjust enrichment, there is no evidence that Defendant has been enriched. There appears to be no dispute that he invested Plaintiffs' money in a real investment which Plaintiffs now own a real interest in. Plaintiffs have not shown that Defendant has been unjustly enriched, and, as to the Sixth Count, the motion for summary judgment will be denied.

. For these reasons,

**IT IS THEREFORE** on this 11th day of February, 2010,

**ORDERED** that Plaintiffs' motion for summary judgment (Docket Entry No. 6) is

4

**GRANTED** in part and **DENIED** in part; and it is further

ORDERED that, as to the Third and Fifth Counts, Plaintiffs' motion for summary judgment is **GRANTED**, and Judgment on the Third and Fifth Counts is hereby entered in Plaintiffs' favor; and it is further

ORDERED that, as to the First, Second, Fourth, and Sixth Counts, Plaintiffs' motion for summary judgment is **DENIED**.

              s/ Stanley R. Chesler
              Stanley R. Chesler, U.S.D.J.